UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

JEREMIAH R TENO #503411                    CIV. ACTION NO. 3:22-00775 SEC P

VERSUS                                     JUDGE DAVID C. JOSEPH

CHRIS STINSON                              MAG. JUDGE KAYLA D. MCCLUSKY

## REPORT & RECOMMENDATION

Pending before the undersigned Magistrate Judge, on reference from the District Court, are

two motions for summary judgment. The first was filed by Plaintiff Jeremiah Teno ("Teno"). [doc.

#42]. The motion is opposed. [doc. #49]. The second motion was filed by Defendant Chris

Stinson ("Stinson"). [doc. #45]. That motion is also opposed. [doc. #56]. A motion to produce

is before the undersigned as well. [doc. #64]. Stinson opposes the motion. [doc. #66]. For reasons

assigned below, the motion to produce is DENIED, and it is recommended that Teno's motion for

summary judgment be DENIED, Stinson's motion be GRANTED, and the case be DISMISSED

WITHOUT PREJUDICE.

## Background

Teno filed the instant action on approximately April 12, 2022, under 42 U.S.C. § 1983.

Complaint [doc. #5].[1] Plaintiff, a Muslim, alleges that he was served pork or pork byproducts at

Madison Parish Correctional Center ("MPCC") in violation of his right to practice his religion.

Complaint [doc. #5, p. 4].

---

[1] An initial complaint was filed on March 22, 2022, s*ee* Deficient Complaint [doc. #1], but was
found deficient. Order re Deficient Complaint [doc. #4].

Teno arrived at MPCC in July 2021. *Id.* He suggests that as of March 2022, prisoners at the facility were not being served pork as "the entire food menu was switched . . . to adhere to the complaints from the Muslim Community . . . ." *Id.* at p. 5. Plaintiff claims, however, that "there have been occasions since then where Muslims" were possibly served food prepared with kitchenware used to handle pork products for non-Muslim inmates. *Id.* Teno is "afraid to eat the meat [served at MPCC] because he fears that it may contain pork or pork byproducts . . . ." *Id.* at p. 6. Plaintiff also claims that the Muslim prisoner community "has not had a 'reasonable opportunity' to attend services or meet with a religious leader." *Id.* at p. 5. He adds that "[d]ue to Covid-19, [he] is aware that religious services that are led by an outside (non-prisoner) religious leader will have [] restrictions," but notes that "the Muslim Community does not need an outside Imam to conduct Jummah on Fridays for one hour." *Id.* Teno states that preventing Muslims from congregating in this manner is not reasonably related to a penological interest because such gatherings pose no "real security threat." *Id.* Aside from personal prayer, he alleges that he does not have any alternative means by which to exercise his faith. Amended Complaint [doc. # 20, p. 2].[2]

On September 21, 2023, Teno filed a motion for summary judgment. Teno's M/Summary Judgment [doc. #42]. Shortly thereafter, on September 27, 2023, Stinson filed a motion for summary judgment of his own. Stinson's M/Summary Judgment [doc. #45]. Stinson then filed an opposition to Teno's motion on October 12, 2023. Opposition to Teno's M/Summary Judgment [doc. #49]. Teno responded with an opposition to Defendant's motion on November 8,

---

[2] The controlling complaint also included claims brought on behalf of other inmates, which were dismissed after a preliminary screening. Judgement Adopting Preliminary Screening Report & Recommendation [doc. #25]. The preliminary screening also resulted in the dismissal of Plaintiff's request for a transfer and other claims. *Id.*

2023.  Opposition to Stinson's M/Summary Judgment [doc. #56].  On December 4, 2023, Stinson replied to Plaintiff's opposition.  Reply to Opposition to Stinson's M/Summary Judgment [doc. #58].  Later that month, on December 29, 2023, Teno motioned for production of various documents, including filings associated with the motions for summary judgment and materials requested in discovery.  M/Produce [doc. #64].  Stinson responded to this motion on January 24, 2024, arguing that he had fully complied with his discovery obligations.  Response to M/Produce [doc. #66].[3]

Briefing is complete.  Accordingly, this matter is ripe.

## Discussion

### I.    Standard of Review

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). [4]  A dispute about a material fact is "genuine" if a reasonable fact finder could render a verdict for the nonmoving party based on the available evidence.  *Id.* at 248-49.  To avoid summary judgment, the non-moving party must establish **"the existence of [all**

---

[3] The undersigned granted the motion to produce insofar as it sought documents from the Court. Partial Ruling on M/Produce [doc. #69].  Ruling on the remaining requests contained in that motion was deferred until after Teno's deadline to file further briefing on the motions for summary judgment.  *Id.*

[4] The materiality inquiry "is independent of and separate from" evidentiary standards.  It is substantive law that identifies which facts are relevant and which are not.  "Any proof or evidentiary requirements imposed by the substantive law are not germane to this inquiry, since materiality is only a criterion for categorizing factual disputes in their relation to the legal elements of the claim and not a criterion for evaluating the evidentiary underpinnings of those disputes."  *Id.*

essential elements of] that party's case [for] which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Failure to prove "an essential element" of the non-movant's case "necessarily renders all other facts immaterial." *Id.* at 323.

To properly support a motion for summary judgment, the moving party must identify portions of "the pleadings, depositions, answers to interrogatories, and admissions on file" which demonstrate the absence of a genuine issue of material fact. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002) (quoting FED. R. CIV. P. 56(c)). This absence is shown by exhibiting that the record contains no support for the non-moving party's claim. *Stahl*, 283 F.3d at 263. To rebut a properly supported motion for summary judgment, the non-moving party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Atkins v. Szymczak*, 710 Fed.Appx. 223, 224 (5th Cir. 2018) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Anderson*, 477 U.S. at 249. Similarly, if the non-movant is unable to identify anything in the record to support his claim, summary judgment is appropriate. *Stahl*, 283 F.3d at 263. While courts will "resolve factual controversies in favor of the [non-moving] party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Johnson v. Cooper T. Smith Stevedoring Co., Inc.*, 74 F.4th 268, 275 (5th Cir. 2023) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). When analyzing a motion for summary judgment, "[t]he court need consider only the cited materials, but it may [also] consider other materials in the record." FED. R. CIV. P. 56(c)(3).[5] Courts "may not make credibility determinations or weigh the evidence," and "must resolve all

---

[5]  However, Rule 56 does not require the Court to "'sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr-McGee Oil & Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013).

**II.      Exhaustion of Administrative Remedies**

Before turning to the merits arguments presented in the competing motions, the undersigned must first look to the procedural sufficiency of Teno's case.  To wit, Stinson contends that dismissal is appropriate as Plaintiff failed to exhaust his administrative remedies prior to filing this case.  Memo in Support of Stinson's M/Summary Judgment [doc. #47, pp. 16-17].

Plaintiff-prisoners bringing a claim under 42 U.S.C. § 1983 must exhaust their administrative remedies prior to suing in federal court.  *Id.* at § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted.").  Exhaustion includes compliance with relevant deadlines and other procedural rules.  *Ramirez v. Collier*, 595 U.S. 411, 421 (2022); *see also Johnson v. Kukua*, 342 F.App'x 933, 934 (5th Cir. 2009) ("Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules.").  District courts cannot excuse a prisoner's failure to exhaust the administrative grievance process prior to filing their complaint.  *Putnam v. Traylor*, 633 F.App'x 600, 601 (5th Cir. 2016).  Because exhaustion is mandatory, a case in which administrative remedies have not been exhausted must be dismissed.  *Id.*

Fifth Circuit precedent indicates that exhaustion can only be achieved by strict adherence to applicable requirements.  A plaintiff-prisoner's ignorance of the relevant grievance process is not an excuse for failure to exhaust said process.  *See Simkins v. Bridges*, 350 F.App'x 952, 953 (5th Cir. 2009) ("[The plaintiff-prisoner's] alleged ignorance of the proper procedure is not an

excuse."). Administrative remedies are exhausted only when the grievance process has been pursued "to conclusion." *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015). In a multi-step process, a defendant's failure to respond to the plaintiff-prisoner's grievance at one stage does not result in exhaustion, but instead entitles the plaintiff-prisoner to move on to the next step of the process. *Id.* This requirement to work through all steps of a grievance process applies even when subsequent steps are subject to discretionary language. *See id.* at 300-01 (holding plaintiff-prisoner failed to exhaust remedies of three-step process despite second and third step being subject to discretionary language that prisoner "may request" and "may appeal" decisions at prior steps). Defendants bear the burden of proving that the plaintiff-prisoner has failed to exhaust available administrative remedies. *Cantwell v. Sterling*, 788 F.3d 507, 508-09 (5th Cir. 2015) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

Here, MPCC has a two-step administrative remedy procedure ("ARP."). Step One requires a complaint to be filed at the facility "where the origin of the complaint arose" and allows the Louisiana Department of Public Safety & Corrections to respond within fifteen (15) days of submission. MPCC Offender Handbook [doc. #45-6, p. 18]. Upon receiving a response, the complaining prisoner may elect to pursue Step Two,[6] which requires him to submit a grievance to "the Warden or his designee." MPCC Offender Handbook [doc. #45-6, p. 18]. The Step Two response is to be returned to the complaining prisoner within twenty-five (25) days. *Id.*

---

[6] The undersigned notes that while proceeding to this second step is elective in the context of the MPCC ARP, for purposes of exhaustion, it is required. This is to say that for a plaintiff-prisoner to be eligible to bring a § 1983 claim, he must proceed with Step Two of the MPCC ARP. *See Wilson*, 776 F.3d at 300-01.

It is uncontested that Teno was aware of the MPCC ARP. Teno's file indicates that he acknowledged receipt of information concerning the procedure upon arrival at MPCC. *See* Teno File [doc. #46, p. 28]. Furthermore, Teno implicitly confirms that he had access to guidelines regarding the ARP as he includes portions of the MPCC Offender Handbook as an exhibit to his motion for summary judgment. *Compare* Teno's M/Summary Judgment Exhibits [doc. #42-1, pp. 2-3] *with* MPCC Offender Handbook [doc. #45-6, pp. 1, 5].

Plaintiff alleges that he filed an initial grievance in December of 2021 "to Administration/Kitchen Personnel" complaining that he was being fed pork in contravention of his Muslim faith. Complaint [doc. #5, p. 4]. He received no response to this filing, nor does he allege that he proceeded to Step Two of the ARP. *Id.* Teno further alleges that he filed another grievance in February of 2022, re-stating his earlier complaint regarding the service of pork and also complaining of "the facility's refusal to allow Muslims to congregate[.]" *Id.* He makes no allegations concerning a response to this second grievance filing, nor does he allege that he proceeded to Step Two of the ARP. During discovery, Teno produced a purported ARP grievance submission dated December 15, 2021. Teno Deposition Transcript [doc. #47-1, pp. 33-36]. This document contains no signs of receipt or response by Stinson or any other member of the MPCC staff.

Stinson submits that Teno's file is devoid of any grievances at all. Memo in Support of Stinson's M/Summary Judgment [doc. #47, p. 17]; *see also generally* Teno File [doc. #46]. This would appear to create a dispute concerning a material fact (i.e., whether Teno submitted a grievance pursuant to the MPCC ARP). However, regardless of whether Teno submitted a Step One grievance, it is uncontested that he did not submit a Step Two grievance. Because Teno did not pursue the MPCC ARP to conclusion by submitting a Step Two grievance and allowing the

7

appropriate official twenty-five days to respond, he did not exhaust his administrative remedies. This failure to exhaust means that it is proper to dismiss Teno's complaint.

Accordingly, it is RECOMMENDED that Stinson's motion for summary judgment be granted, Teno's motion for summary judgment be denied, and the case dismissed without prejudice.[7]

### III.    Motion to Produce

The undersigned briefly notes that Teno's motion to produce was not fully resolved by the order of February 8, 2024.  [doc. #69].  As the instant case merits dismissal, Teno's request for production is moot.

Accordingly, it is ORDERED that the motion to produce be denied.

### Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff Jeremiah Teno's motion to produce [doc. #64] is **DENIED**.

**IT IS RECOMMENDED** that Defendant Chris Stinson's motion for summary judgment [doc. #45], be **GRANTED**, Plaintiff Jeremiah Teno's motion for summary judgment [doc. #42], be **DENIED**, and the case be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections

---

[7] As the case is properly dismissed based upon a failure to exhaust administrative remedies, analysis of the merits of Teno's claims under the First and Fourteenth Amendments is inappropriate.  Nevertheless, the undersigned notes that Teno's well-pleaded allegations raise concerns about the conditions at MPCC.  That institution is bound by federal and state law to guarantee and protect the rights – religious or otherwise – of the individuals with whom it has been entrusted. The undersigned is specifically concerned about the number of complaints and types of claims against MPCC and its staff.

within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 22nd day of March, 2024.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE